**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHON M. THOMPSON,
BEVERLY G. THOMPSON,              Case Number: 10-13097

        Plaintiffs,              HON. MARIANNE O. BATTANI

v.

ABN AMRO MOTRGAGE GROUP,
CITIMORTGAGE GROUP INC.,
BANK OF AMERICA,
HUDSON CITY SAVING BANK,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ORDER STAYING TO PREVENT AND CANCEL ANY EVICTION PROCEEDINGS AND/OR <u>ACTIONS AGAINST PLAINTIFFS IN THE LOWER COURTS</u>**

    Before the Court is Plaintiff Stephon and Beverly Thompson's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Order Staying to Prevent and Cancel any Eviction Proceedings and/or Actions against the Plaintiffs in the Lower Courts. (Doc. 12). Pursuant to E.D. Mich. LR 7.1(f)(2), oral argument is unnecessary. For the reasons that follow, the Court DENIES Plaintiffs' motion without prejudice.

    Plaintiffs' *pro se* Complaint sets forth 27 counts against Defendants arising from what appears to be a state court foreclosure proceeding. (Doc. 1). This motion requests a stay of a state court proceeding in which Defendants are seeking a Writ of Restitution. (Doc. 12 at 9). Under Michigan law, a Writ of Restitution follows a judgment for the plaintiff

for possession of premises. M.C.L. 600.5744(2). Plaintiffs' motion was entered on this docket early September 27, 2010 and requests this Court to stay the hearing on the Writ of Restitution scheduled at a state district court sometime on September 29, 2010.[1] Plaintiffs' additionally request this Court to stay all state court proceedings until this federal civil action is resolved.

The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are:

(1) whether the movant has a strong likelihood of success on the merits;

(2) whether the movant would suffer irreparable injury without the injunction;

(3) whether issuance of the injunction would cause substantial harm to others; and

(4) whether the public interest would be served by the issuance of the injunction.

Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007).

In the present case, the Court declines to issue the requested relief because Plaintiffs have not demonstrated it is likely they will prevail on the merits and because they have not complied with the requirements of Federal Rule of Civil Procedure 65(b)(1). While Plaintiff's motion makes sweeping allegations against Defendants, these conclusatory allegations lack factual support. There is no affidavit setting forth specific facts, nor was a verified complaint filed in this matter. The specific factual showing required by Rule

---

[1]The motion does not identify which court nor at what time the hearing is scheduled.

65(b)(1)(A) is entirely absent. Plaintiff has not explained why this motion should be considered on an *ex parte* basis, nor why they are excused from including a certificate of service.

Additionally, the Court does not find that Plaintiffs' federal challenge to the state court proceedings has a strong likelihood of success on the merits. The fact that a hearing on a Writ of Restitution is scheduled necessarily implies that the foreclosure at issue in this case is currently being litigated in state court. Accordingly, this Court abstains from entering the relief requested so as not to interfere with an ongoing state court proceeding. See, Younger v. Harris, 401 U.S. 37 (1971). Since Plaintiffs' underlying Complaint asks this Court to upset state trial court rulings, the likelihood of success on the merits is further diminished due to the Rooker-Feldman doctrine. (The Rooker-Feldman doctrine bars federal courts from entertaining cases which constitute review of the state trial court rulings. Zerod v. Caprathe, 76 F. App'x 65 (6th Cir.2003) (per curiam)).

Plaintiffs' motion is **DENIED** without prejudice**.**

**IT IS SO ORDERED.**

    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

Dated: September 28 ,2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

    s/Bernadette M. Thebolt
    Case Manager