**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEPHON M. THOMPSON,
BEVERLY G. THOMPSON,

        Plaintiffs,

v.

ABN AMRO MORTGAGE GROUP,
CITIMORTGAGE GROUP INC.,
BANK OF AMERICA,
HUDSON CITY SAVING BANK,

        Defendants.
_____/

Case Number: 10-13097

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT
BANK OF AMERICA, N.A.'S MOTION TO DISMISS**

      Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. No. 15). Plaintiffs Stephon and Beverly Thompson have not filed a response to the motion as required by the Notice of Motion Briefing Schedule, and the Court finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court grants the motion.

**I. FACTUAL BACKGROUND**

      Plaintiffs' *pro se* Complaint sets forth twenty-seven counts against Defendants ABN AMRO Mortgage Group, Citimortgage, Inc., Bank of America, and Hudson City Savings Bank, (Doc. 1.) According to the Complaint, Plaintiffs obtained a mortgage loan on property located at 31975 Bellvine Trail, Beverly Hills, Michigan from ABNAMRO Mortgage

Group ("ABN AMRO"). The property was sold at a foreclosure sale on February 23, 2010. Defendant CitiMortgage, Inc. as successor by merger to ABN AMRO ("Citi") purchased the property. (Doc. No. 8, Ex 3.) Plaintiffs filed this action on August 5, 2010, seeking to avoid eviction and to set aside the foreclosure sale.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6) & (c). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. . . ." Lindsay v. Yates, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

"A complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations." Twombly, 550 U.S. at 555 (citations omitted). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).

## IV.  ANALYSIS

Because BOA filed its Answer to Complaint with Affirmative Defenses on September 9, 2010, (Doc. No. 11), before it moved to dismiss, the Court considers it under Rule 12(c). BOA asserts that Plaintiffs have failed to allege any facts showing it was involved in the disputed loan transaction. BOA's subsidiary, Countrywide Home Loans, Inc., made a loan to Plaintiffs in 1999, which was paid off in 2001.

The mortgage identified by Plaintiffs in their complaint, was consummated on June 19, 2003.  (See Doc. No. 1, ¶ 38.)  The claims advanced involve the identified mortgage. There are no allegations that BOA was a party to the transaction.

Consequently, the Court agrees with BOA that it is entitled to judgment on the pleadings.  Plaintiffs have not included sufficient factually allegations "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

## IV.  CONCLUSION

For the reasons discussed above, Defendant BOA's motion is **GRANTED.**

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

Dated: April 1, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiffs and counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt<br>
Case Manager