**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEPHON M. THOMPSON,
BEVERLY G. THOMPSON,

        Plaintiffs,

v.

ABN AMRO MORTGAGE GROUP,
CITIMORTGAGE GROUP INC.,
BANK OF AMERICA,
HUDSON CITY SAVING BANK,

        Defendants.
_____/

Case Number: 10-13097

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS CITIMORTGAGE,
INC., AND ABN AMRO MORTGAGE GROUP, INC.'S MOTION
TO DISMISS PURSUANT TO RULE 12(b)(6)**

Before the Court is Defendants Citimortgage, Inc., and ABN AMRO Mortgage Group, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 8). Plaintiffs Stephon and Beverly Thompson have not filed a response to the motion as required by the Notice of Motion Briefing Schedule, and the Court finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court grants the motion.

**I. FACTUAL BACKGROUND**

Plaintiffs' *pro se* Complaint sets forth twenty-seven counts against Defendants ABN AMRO Mortgage Group ("ABN AMRO"), Citimortgage, Inc. ("Citi"), Bank of America, and Hudson City Savings Bank. According to the complaint, Plaintiffs "are up-front, hard

working, honest home purchasers and borrowers who are being duped and taken advantage of by unscrupulous individuals, servicing and lending companies." (Compl., at 1.)

Because no facts are articulated in the Complaint, Defendant includes a brief statement of facts which are supported by exhibits attached to their motion, including a Mortgage, Note, and Sheriff's Deed to property owned by Plaintiffs. According to the documents provided by Defendants, Plaintiffs obtained a mortgage loan on property located at 31975 Bellvine Trail, Beverly Hills, Michigan from ABN AMRO. (Doc. No. 8, Ex. 1.) The property was sold at a foreclosure sale on February 23, 2010. (Doc. No. 8, Ex. 3.) Defendant Citi, as successor by merger to ABN AMRO, purchased the property. (Doc. No. 8, Ex 3.)

Plaintiffs filed this action on August 5, 2010, seeking to avoid eviction and to set aside the foreclosure sale. Plaintiffs also filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Order Staying to Prevent and Cancel any Eviction Proceedings and/or Actions Against the Plaintiffs in the Lower Courts" on September 24, 2010. (Doc. No. 12.) The Court denied the motion on September 28, 2010. Plaintiffs have made no further filings in this action.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,

(2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer. FED. R. CIV. P. 12(b)(6).

## IV. ANALYSIS

At the outset, the Court observes that because Plaintiffs filed their complaint without the assistance of counsel, the Court is obliged to construe it liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, even viewing the Complaint in the light most favorable to Plaintiffs, the Court finds that Citi and ABN AMRO are entitled to the requested relief.

As the Supreme Court held in Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)), the pleading standard articulated in Rule 8 does not require "detailed factual allegations," but it does demand more than an unadorned assertion that the defendants have wronged us. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint before this Court contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

Here, the complaint offers only "naked" legal assertions devoid of "further factual enhancement." Id., at 557. To the extent that there are any facts before the Court, they

3

are deduced from exhibits provided by Defendants. Even reading Rule 8 to its outer boundaries, Plaintiffs have alleged nothing more than conclusions. The absence of well-pleaded facts prevents this Court from inferring anything more than the mere possibility of misconduct.

In sum, the complaint contains conclusions that are not entitled to the assumption of truth. There is insufficient factual content to allow any "reasonable inference" that Defendants are "liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Although Plaintiffs have alleged that they are entitled to relief, they have not shown even a remote possibility that they are.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion is **GRANTED.** Plaintiffs' complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

                                       s/Marianne O. Battani
                                       MARIANNE O. BATTANI
                                       UNITED STATES DISTRICT JUDGE

Dated: April 15, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiffs and counsel of record on this date by ordinary mail and electronic filing.

                                       s/Bernadette M. Thebolt
                                       Case Manager